IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **IRIS MCCLAIN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-17-1094 |
| **WELLS FARGO & COMPANY,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Iris McClain brings this pro se civil action against 16 individual and corporate defendants for alleged fraudulent actions related to her mortgage on a property on Herrington Drive in Upper Marlboro, Maryland, foreclosure actions on the property, and related bankruptcy actions.[1] ECF No. 45. McClain moves to vacate or reverse a previous Order granting Defendants' Motions to Dismiss. *See* ECF No. 99. A hearing on the Motion is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion is denied.

**I.   BACKGROUND**[2]

In 1997, McClain purchased the property at Herrington Drive through a mortgage loan. ECF No. 45-1 ¶ 8. The loan was subsequently securitized and held by J.P. Morgan Chase Bank,

---

[1] McClain has named the following Defendants: Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage; Timothy Sloan, the President and Chief Executive Officer of Wells Fargo Bank N.A.; J.P. Morgan Chase & Co.; J.P. Morgan Chase Bank, N.A.; James Dimon, the Chief Executive Officer of J.P. Morgan Chase and Co.; the Bank of New York Mellon; Gerald Hassell, the Chairman and Chief Executive Officer of the Bank of New York Mellon; Goldman Sachs Group, Inc.; Lloyd Blankfein, Chief Executive Officer and Chairman of Goldman Sachs Mortgage Co.; Goldman Sachs Mortgage Company; Kristine D. Brown;  Gregory N. Britto; Robyn A. McQuillen; William M. Savage; and Lila Z. Stitely. ECF No. 45-1 at 1–2.

[2] Unless stated otherwise, all facts are taken from Plaintiff's Amended Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

1

followed by Bank of New York Mellon ("BNYM"). Wells Fargo Bank, N.A. ("Wells Fargo") has acted as the mortgage servicer on the loan. *Id.* ¶ 7. In 2006, McClain fell behind on her mortgage and, in 2007, she signed a loan modification agreement that converted her adjustable-rate mortgage to a 7.000% fixed-rate mortgage. *Id.* ¶¶ 9–14. In the Amended Complaint, McClain alleges that the modification agreement amounts to a fraudulent scheme by Wells Fargo and Goldman Sachs to profit off of delinquent borrowers. *Id.* ¶ 38. She asserts that Defendants have repeatedly misapplied her payments and failed to correctly calculate her balance due and that she was unwittingly locked into a higher interest rate as a result of the modification. *Id.* ¶¶ 61–78. McClain further alleges that in late 2012 the law firm employing Defendants Brown, Britto, McQuillen, Savage, and Stitely ("Attorney Defendants"), on behalf of Wells Fargo, began engaging in improper debt collection practices relating to her mortgage loan, including efforts to collect on bills reflecting the 7% interest rate. *Id.* ¶¶ 207–210.

McClain has been party to a considerable amount of litigation in the years since the 2007 loan modification. In 2008, McClain faced a foreclosure action in the Circuit Court for Prince George's County, Maryland, which was later terminated. *See Buonassissi v. McClain*, No. CAE08-09913.[3] Pertinent to this case, Attorney Defendants, on behalf of Wells Fargo, initiated a second foreclosure proceeding in the Prince George's County Circuit Court on the Herrington Drive property in November 2013, which remains pending. *See BSBSC vs. McClain*, No. CAEF13-33714. McClain has also been involved in a half dozen bankruptcy proceedings before the United States Bankruptcy Court for the District of Maryland. *See In re Iris McClain*, No. 08-17049; No. 09-22554; No. 15-13657; No. 16-22179; No. 20-12335; No. 21-17990.[4]

---

[3] The Court takes judicial notice of McClain's foreclosure and bankruptcy proceedings. Fed. R. Evid. 201(b)(2).

[4] Several of these proceedings have been subject to appeal by this Court and the United States Court of Appeals for the Fourth Circuit.

In the present matter, McClain filed an initial Complaint in February 2017 in the Prince George's County Circuit Court, which Defendants removed to this Court. ECF No. 1. On June 5, 2017, McClain filed an Amended Complaint. ECF No. 45-1. Among other things, McClain seeks money damages, an injunction on the pending foreclosure and any debt collection actions, a declaration that the 2007 loan modification is void, and cancellation of the debt on the mortgage loan other than the principal balance. *Id.* at 63–64.[5] On July 5, 2017, Defendants moved to dismiss. *See* ECF No. 48; ECF No. 49; ECF No. 50; ECF No. 76. McClain responded and Defendants replied.

On March 8, 2018, Judge Chuang of this Court granted Defendants' Motion to Dismiss. *See* ECF No. 83; ECF No. 84. McClain appealed, ECF No. 85, and on October 4, 2018, the Fourth Circuit affirmed the dismissal and its reasoning, ECF No. 89. McClain also filed a Motion to Vacate, ECF No. 93, which Judge Chuang dismissed on March 22, 2021, ECF No. 96.

On December 6, 2021, the Clerk of the Court filed correspondence disclosing a conflict in the case. ECF No. 98. The Clerk noted that Judge Chuang became aware that a member of his family owned stock in Wells Fargo & Company at some point during the pendency of the action. *Id.* at 1. Though the ownership did not affect the decision in the case, "such stock ownership would have required recusal." *Id.* The parties were directed to respond to the conflict disclosure and instructed that any response would be considered by another judge on this Court. *Id.*

On December 27, 2021, McClain submitted correspondence that the Court construes as a request for vacatur or reversal of the Order pursuant to Federal Rule of Civil Procedure 60(b)(4) or (6), because "the judgment is void" or for "any other reason that justifies relief." ECF No. 99.

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

The case was re-opened by the Clerk of the Court and assigned to the undersigned judge. On January 10, 2022, Defendants opposed Plaintiff's Motion, ECF No. 100, and on January 11, 2022, McClain replied, ECF No. 101.[6]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint must still include a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Additionally, because McClain's allegations sound in fraud, the Court will apply heightened pleading standards under Rule 9(b). Rule 9(b) provides that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the

---

[6] On August 1, 2022, McClain submitted to the Court additional materials purporting to contain new evidence, ECF No. 102, to which Defendants object, ECF No. 104. Having reviewed these materials, the Court does not find that they present information that impacts the judgment in this matter.

Additionally, Defendant Wells Fargo Bank, N.A.'s Motion to Withdraw as Counsel, ECF No. 107, is granted.

4

misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation and internal quotation marks omitted).

### III. DISCUSSION

As noted previously, Judge Chuang granted Defendants' Motion to Dismiss in March 2018, and the decision was affirmed by the Fourth Circuit in October 2018. *See* ECF No. 89. However, given Judge Chuang's subsequent determination that recusal was appropriate, this Court will directly address Defendants' Motions to Dismiss as if they had been originally before it.

#### A. Claims Barred by Limitations

Plaintiff McClain brings eleven causes of action in her Amended Complaint against some or all of the named Defendants.[7] *See* ECF No. 45-1. Defendants argue in their respective Motions to Dismiss that many of McClain's state and federal claims are time-barred. *See, e.g.*, ECF No. 50-1 at 20–22. A statute of limitations may be employed as an affirmative defense "when it is clear from the face of the complaint that the claims are time barred." *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014). Thus, the Court will begin by considering whether McClain's claims are timely.

In Maryland, civil actions are generally subject to a three-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Maryland courts have adopted the "discovery rule," which provides that time does not begin accruing until "the potential plaintiff either discovers his or her injury, or should have discovered it through the exercise of due diligence." *Green v. Pro*

---

[7] McClain has not offered specific allegations against several individual Defendants—Tim Sloan, James Dimon, Gerald Hassell, and Lloyd Blankfein—outside of the fact that these individuals were, at relevant times, the heads of the financial institutions alleged to have engaged in fraud and other unlawful actions in this suit. Thus, claims against these individual Defendants are dismissed for failure to state a claim, in addition to the reasons set forth below. *See* Fed. R. Civ. P. 8(a)(2).

*Football, Inc.*, 31 F. Supp. 3d 714, 722 (D. Md. 2014) (quoting *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 130 (2011)).

Here, McClain raises numerous claims that are subject to Maryland's three-year statute of limitations, including those for fraud, conspiracy to commit fraud, and unjust enrichment. ECF No. 45-1 ¶¶ 37–107; 119–129; *see Windesheim v. Larocca*, 443 Md. 312, 326–28 (2015) (holding fraud claim as subject to three-year statute of limitations); *Jason v. Nat'l Loan Recoveries*, LLC, 227 Md. App. 516, 527 (2016) (holding same for unjust enrichment claim).

Next, McClain alleges violations under two Maryland laws and a federal regulation: the Protection for Homeowners in Foreclosure Act ("PHIFA"), Md. Code Ann., Real Prop. § 7-301 *et seq.*, the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. § 7-401 *et seq.*, and 12 C.F.R. § 1015.4(c) ("Regulation O"), which governs disclosures in commercial communications by mortgage assistance relief service providers. ECF No. 45-1 ¶¶ 162–180. Neither statute contains its own statute of limitations, and as such, the Court finds Maryland's three-year statute of limitations is applicable to each. Further, Regulation O does not contain a statute of limitations, and thus the Court must import one from the most analogous state law cause of action, which here is the PHIFA. *Rutherford v. BMW of N. Am.*, LLC, 579 F. Supp. 3d 737, 746 (D. Md. 2022) ("Faced with a federal statute without a specified limitations period, this Court applies the limitations period of an analogous state law.").

Finally, McClain alleges violations under three federal statutes: the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* RICO is governed by a four-year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 553 (2000). ECF No. 45-1 ¶¶ 108–118; 186–212. TILA has either a one- or

three-year statute of limitations, depending on the provision of TILA allegedly violated, *see* 15 U.S.C. § 1640(e), while the FDCPA has a one-year statute of limitations, *see* 15 U.S.C. § 1692k(d).

Here, all of the claims described arise out of McClain's 2007 mortgage loan modification on the Herrington Drive property, the resulting foreclosure proceedings, and the ensuing bankruptcies. Although McClain argues that any statute of limitations must be tolled because Defendants "knowingly and actively" concealed their fraudulent activity, ECF No. 45-1 ¶ 27, the Court finds otherwise. The Amended Complaint provides that McClain filed an emergency motion for dismissal in the 2008 foreclosure proceeding, based on allegations of "payment, trickery, and deceit, arm vs. fixed." *Id.* ¶ 105. McClain also expressed knowledge of her alleged injury during the time of her 2009 bankruptcy proceedings, when she asserted substantially similar claims to those brought in this case. *See* No. 09-22554. Specifically, McClain argued in the bankruptcy case that she was misled about the terms of her mortgage modification, including that she was unaware that her mortgage would be subject to a fixed interest rate, and that Wells Fargo had misapplied certain payments she had made, resulting in late fees. *See* No. 09-22554, ECF No. 95. On these facts, Plaintiff's claims for fraud, conspiracy to commit fraud, and unjust enrichment, along with alleged violations of RICO and TILA, are well past their statute of limitations.

The allegations under PHIFA, MMFPA, and Regulation O also appear to stem from purported false promises made about a second loan modification, which occurred as part of the 2009 bankruptcy proceeding. ECF No. 45-1 ¶¶ 162–180. The 2009 bankruptcy case was closed on September 25, 2012, despite McClain's efforts to reopen the matter in 2019. *See* No. 09-22554, ECF No. 166. McClain further alleges in the Amended Complaint that she suffered from

7

improper debt collection practices beginning in 2012. ECF No. 45-1 ¶ 210. She does not, however, provide any incidents of unlawful debt collection occurring within one year of the filing of her Amended Complaint. Because McClain did not file the present litigation until 2017, her statutory claims for violations of the FDCPA, PHIFA, MMFPA, and Regulation O, are also time-barred.

### B. Bankruptcy Fraud

McClain next asserts a claim for "bankruptcy fraud," regarding what she alleges are "incomplete and false documents" submitted in her 2015 and 2016 bankruptcy actions. ECF No. 45-1 ¶ 225. The allegations center on purported accounting errors regarding her mortgage loan, including those stemming from the dispute over her interest rate and the handling of various payments. *Id.* ¶¶ 213–234.

These allegations are based on arguments that were previously raised and rejected by the Bankruptcy Court, and as such, this Court construes the claim as a collateral attack on the bankruptcy proceedings. "A challenge for error may be directed to the ordering court or a higher court, as rules provide, but it may not be made collaterally unless it is based on the original court's lack of jurisdiction." *Spartan Mills v. Bank of Am. Illinois*, 112 F.3d 1251, 1255 (4th Cir. 1997). As such, this claim must be dismissed.

### C. Foreclosure Fraud

McClain next brings a claim for "foreclosure fraud," again asserting that certain documents submitted as part of the foreclosure proceedings against her were "illegitimate," and that the proceedings should be declared "null and void" on that basis. ECF No. 45-1 ¶¶ 235–251. As courts have repeatedly held, "the court, state or federal, which first acquires jurisdiction of the

subject matter of a suit in rem holds it to the exclusion of any other court until its duty is fully performed, and to that end may enjoin the parties from proceeding in any other court when the effect of action therein would be to defeat or to impair its own jurisdiction." *City of Orangeburg v. S. Ry. Co.*, 134 F.2d 890, 892 (4th Cir. 1943).

Here, McClain's foreclosure proceeding remains ongoing. The Appellate Court of Maryland recently affirmed the ruling of Prince George's County Circuit Court denying McClain's motion to stay or dismiss the case. *McClain v. William Savage C/O Logs Legal Grp., LLP*, No. 1803, Sept. Term, 2021, 2022 WL 4592455, at *1 (Md. Ct. Spec. App. Sept. 30, 2022). As such, Maryland has primary jurisdiction over the foreclosure proceedings at the Herrington Drive Property, and this claim is dismissed.

### D. Negligent Infliction of Emotional Distress

McClain next brings a claim of negligent infliction of emotional distress, based on a series of incidents pertaining to her issues with the mortgage loan for the Herrington Drive property. ECF No. 45-1 ¶¶ 130-161. This claim must fail, however, because Maryland does not recognize a cause of action for negligent infliction of emotional distress. *Littleton v. Swonger*, 502 F. App'x 271, 273 n.1 (4th Cir. 2012) (citing *Abrams v. City of Rockville*, 88 Md. App. 588, 596 (1991)).

### E. Advocate Rule 3.3(A)(1)

Finally, McClain asserts that Attorney Defendants violated Advocate Rule 3.3(A)(1), which the Court construes as Rule 3.3 of the Maryland Attorneys' Rules of Professional Conduct. ECF No. 45-1 ¶¶ 252–255. Rule 3.3 provides that an attorney "shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material

fact or law previously made to the tribunal by the attorney." Md. Rules Attorneys, Rule 19-303.3. But this rule does not provide a private cause of action and, therefore, the claim may not proceed. *See Blondell v. Littlepage*, 413 Md. 96, 124 n.9 (Md. 2010) (noting preamble to the Rules of Professional Conduct states: "Violation of a Rule does not itself give rise to a cause of action against an attorney nor does it create any presumption that a legal duty has been breached"); *Nirala v. Adhali*, No. 8:18-CV-03330-PX, 2019 WL 3457661, at *5 (D. Md. July 31, 2019) (holding attorneys "have no legal duty to abide by the Rules of Professional Conduct").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. A separate Order follows.


Date: <u>January  30, 2023 </u>                                        /s/_____
                                                                        GEORGE J. HAZEL
                                                                        United States District Judge